<u>Not for Publication</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| G & G CLOSED CIRCUIT EVENTS, LLC,<br><br>      Plaintiff,<br><br>    v.<br><br>D. FRANCO & INVESTMENTS LIMITED LIABILITY COMPANY d/b/a LOS CRISTALES LIQUOR AND BAR a/k/a LOS CRISTALES SHOT BAR & LOUNGE and DIEGO FRANCO,<br><br>      Defendants. | Civil Action No. 22-2597 (EP) (JSA)<br><br>**OPINION** |

**PADIN, District Judge.**

This matter comes before the Court on Plaintiff G & G Closed Circuit Events, LLC's unopposed motion for default judgment against Defendants D. Franco & Investments Limited Liability Company d/b/a Los Cristales Liquor and Bar a/k/a Los Cristales Shot Bar & Lounge and Diego Franco pursuant to Fed. R. Civ. P. 55(b).  D.E. 10.  The Court decides the motion without oral argument.  *See* Fed. R. Civ. P. 78(b); L.Civ.R.78(b).  For the reasons set forth below, Plaintiff's motion will be **GRANTED**.

I.      BACKGROUND

The complaint alleges as follows.  Plaintiff is a California corporation with its principal place of business in Henderson, Nevada.  D.E. 1 ("Compl.") ¶ 5.  It is a closed-circuit commercial distributor and licensor of sports and entertainment programming.  *Id.* ¶ 23; D.E. 10-1 ("Gagliardi Aff.") ¶ 3.  Plaintiff owned the exclusive nationwide commercial distribution rights to exhibit, at commercial outlets, the May 4, 2019 telecast of a boxing match entitled Saul "Canelo" Alvarez v.

Daniel Jacobs, WBA/WBC/IBF Middleweight Championship Fight Program (the "Program"), and it sublicensed to various commercial entities the limited right to publicly exhibit the Program at their establishments. Compl. ¶¶ 19-20; Gagliardi Aff. ¶ 3 & Ex. A.

Defendant D. Franco & Investments Limited Liability Company d/b/a Los Cristales Liquor and Bar a/k/a Los Cristales Shot Bar & Lounge ("Los Cristales Bar") is a New Jersey corporation with a bar in Paterson, New Jersey. Diego Franco ("Franco") is the owner, managing member, director, shareholder, agent, and supervisor of the activities at Los Cristales Bar at all times relevant to this action. Compl. ¶¶ 6-12.

On May 4, 2019, Los Cristales Bar unlawfully intercepted and broadcast the Program at Franco's direction, without Plaintiff's authorization. *Id.* ¶¶ 13, 28-30. Plaintiff claims that this broadcast resulted in income and increased profits for Franco and Los Cristales Bar. *Id.* ¶¶ 15, 17. The license fee for an establishment of Los Cristales Bar's capacity to lawfully broadcast the Program would have been $1,500. Gagliardi Aff. ¶ 8 & Ex. C.

On May 3, 2022, Plaintiff filed its complaint against Defendants. The complaint asserts claims for violations of 47 U.S.C. § 605 (Count One) and, in the alternative, 47 U.S.C. § 553 (Count Two), as well as common law claims of unlawful interference with prospective economic advantage (Count Three) and unlawful interference with contractual relations (Count Four). Defendants were duly served, *see* D.E.s 5, 6, but have not answered or otherwise responded to the complaint. The Clerk entered default against both Defendants on July 28, 2022. Plaintiff has now moved for default judgment, D.E. 10, and relies on an affidavit of Nicolas J. Gagliardi, Plaintiff's president, D.E. 10-1, a certification of Plaintiff's counsel, Michael J. Peters, D.E. 10-2, and a brief, D.E. 10-3. Plaintiff seeks judgment only on Count One, for violation of 47 U.S.C. § 605, in the

amount of $29,500, and also requests 30 days to submit its "request for full costs, including reasonable attorneys' fees." D.E. 10-2 ("Peters Certif.") ¶¶ 7-9.

## II.   LEGAL STANDARD

The Court may enter default judgment under Fed. R. Civ. P. 55(b)(2) against a properly served defendant who does not file a timely responsive pleading. *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008) (citing *Anchorage Assoc. v. Virgin Is. Bd. of Tax Rev.*, 922 F.2d 168, 177 n.9 (3d Cir. 1990)). Although cases are to be decided on their merits where practicable, whether to grant a motion for default judgment is "largely a matter of judicial discretion." *Id.* In ruling on the motion, the Court accepts the well-pleaded factual allegations in the complaint as true but "need not accept the moving party's legal conclusions or allegations relating to the amount of damages," and must "ascertain whether 'the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.'" *Id.* at 535-36 (citations omitted).

In addition to determining that the facts state a legitimate cause of action and that the movant has established its damages, the Court must "make explicit factual findings as to: (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)). The Court must also be satisfied that it has subject matter and personal jurisdiction, and that the defendant was properly served. *See Joe Hand Promotions, Inc. v. Batra*, 2017 WL 838798, at *2 (D.N.J. Mar. 2, 2017).

**III.   ANALYSIS**

The threshold requirements for entry of default judgment are met here. The Court has subject matter jurisdiction over Plaintiff's 47 U.S.C. § 605 claim. 28 U.S.C. § 1331; 47 U.S.C. § 605(e)(3). Plaintiff's service of process on resident Defendants within New Jersey suffices for *in personam* jurisdiction. Fed. R. Civ. P. 4(k)(1)(A); N.J. Ct. R. 4:4-4(a)(1), (6). Plaintiff personally served Los Cristales Bar, via its agent, on June 23, 2022, and personally served Franco on June 24, 2022. D.E.s 5, 6. *See* Fed. R. Civ. P. 4(e), (h). Defendants have not answered or otherwise responded to the complaint, and default has been entered by the Clerk against them.

Plaintiff has also stated a claim under 47 U.S.C. § 605,[1] and the record suggests no meritorious defense. Section 605(a) prohibits the unauthorized interception and publication of communications, and three elements must be established to state a claim: "(1) interception of a satellite transmission or broadcast, (2) lack of authorization, and (3) publication." *J&J Sports Prods. v. Ramsey*, 757 F. App'x 93, 95 (3d Cir. 2018). Here, Plaintiff's submissions satisfy these requirements. Plaintiff held "the exclusive commercial exhibition (closed circuit) licensing rights" to distribute the Program in venues such as Los Cristales Bar, and did not sublicense those rights to Los Cristales Bar. Gagliardi Aff. ¶¶ 3-4, 7 & Ex. A; Compl. ¶¶ 19-20, 29. Los Cristales Bar thus lacked authorization to broadcast the Program. Nonetheless, it did so. Compl. ¶¶ 26, 28-30; Gagliardi Aff. ¶ 7 & Ex. B. When Plaintiff's investigator visited Los Cristales Bar, the Program was being shown on the bar's three televisions, and 20 patrons were present. Gagliardi Aff. Ex. B.

---

[1] Plaintiff is not seeking judgment or relief on its remaining claims, and the Court therefore need not evaluate the legal sufficiency of Counts Two, Three, and Four.

The predicates for imposing individual liability on Franco are also met. Plaintiff must show that Franco had "the right and ability to supervise the violative activity, although he need not actually be supervising, because he need not know of the violative activity," as well as "a direct financial interest in the violation, *i.e.*, financial benefits, even if not proportional or precisely calculable, that directly flow from the violative activity." *Ramsey*, 757 F. App'x at 95 (quoting *Joe Hand Promotions, Inc. v. Yakubets*, 3 F. Supp. 3d 261, 296 (E.D. Pa. 2014)). The complaint alleges Franco's status as owner, managing member, director, shareholder, and agent of Los Cristales Bar, and as having the ability to control the activities in that establishment and a direct financial interest in those activities. Compl. ¶¶ 8, 10-18; *accord Batra*, 2017 WL 838798, at *1 n.1.

The remaining factors also weigh in favor of default judgment. Defendants' failure to appear or to file any response to the complaint has prevented Plaintiff from prosecuting this action and obtaining relief, to its prejudice. *See Joe Hand Promotions, Inc. v. Old Bailey Corp.*, 2018 WL 1327108, at *2 (D.N.J. March 15, 2018); *Batra*, 2017 WL 838798, at *3 ("[W]ithout a default judgment, Plaintiff has no other means to seek relief for the harm allegedly caused by Defendants."). And "[a]bsent any evidence to the contrary, 'the Defendant's failure to answer evinces the Defendant's culpability'" in the default. *Old Bailey Corp.*, 2018 WL 1327108, at *2 (quoting *Teamsters Pension Fund of Phila. & Vicinity v. Am. Helper, Inc.*, 2011 WL 4729023, at *4 (D.N.J. Oct. 5, 2011)). No such evidence of a reason other than Defendants' "willful negligence" is present here. *See id.*

With respect to damages, the statute permits a plaintiff to elect between actual and statutory damages. 47 U.S.C. § 605(e)(3)(C)(i)(I)-(II). If a plaintiff elects to seek statutory damages, it may recover no less than $1,000 and no more than $10,000, "as the court considers just." *Id.* §

605(e)(3)(C)(i)(II).  Here, Plaintiff has elected to seek statutory damages, and seeks $4,500 under 47 U.S.C. § 605(e)(3)(C)(i)(II).  *See* Peters Certif. ¶ 8; D.E. 10-3 ("Moving Br.") 10.

If the Court finds that the statutory violation was committed "willfully and for purposes of direct or indirect commercial advantage or private financial gain," it may, in its discretion, increase the damages award, "whether actual or statutory, by an amount of not more than $100,000 for each violation."  47 U.S.C. § 605(e)(3)(C)(ii).  Plaintiff seeks $25,000 under this section.  *See* Peters Certif. ¶ 8; Moving Br. 10.

In the absence of an established formula for determining the appropriate amount of damages to be awarded for § 605 violations, *see* Moving Br. 15, the Court looks to actual damages as a persuasive metric, as other courts in this District have done.  *See*, *e.g.*, *G & G Closed Circuit Events, LLC v. Nicolett*, 2021 WL 2680012, at *3 (D.N.J. June 30, 2021); *G & G Closed Circuit Events, LLC v. La Famosa, Inc.*, 2020 WL 3129540, at *6-7 (D.N.J. June 12, 2020); *G & G Closed Circuit Events, LLC v. Don Tequila Bar & Grill L.L.C.*, 2020 WL 133033, at *3 (D.N.J. Jan. 13, 2020); *J&J Sports Prods. v. Z & R Corp.*, 2020 WL 4529995, at *3 (D.N.J. Aug. 6, 2020).  Here, the Court again applies the rationale underlying those decisions, looks to the license fee Plaintiff would have charged an establishment of Los Cristales' capacity, and awards $1,500 in statutory damages.  *See* Gagliardi Aff. ¶ 8.

With respect to enhanced damages, Plaintiff certifies that its programming cannot be mistakenly intercepted and affirmative steps would have to be taken to do so.  *Id.* ¶¶ 9-10, 14.  Moreover, the Program was broadcast at Los Cristales Bar, a commercial establishment, permitting an inference that Defendants' actions were taken for commercial advantage or pecuniary gain.  *Joe Hand Promotions, Inc. v. Waldron*, 2013 WL 1007398, at *3 (D.N.J. Mar. 13, 2013).  As such,

6

additional, or enhanced, damages under 47 U.S.C. § 605(e)(3)(C)(ii) will be awarded. Five factors inform the appropriate amount of an enhanced damages award:

> (1) whether the defendant has intercepted unauthorized broadcasts repeatedly and over an extended period of time; (2) whether it reaped substantial profits from the unauthorized exhibition in question; (3) whether the plaintiff suffered significant actual damages; (4) whether the defendant advertised its intent to broadcast the event; and (5) whether the defendant levied a cover charge or significant premiums on its food and drink because of the broadcast.

*Batra*, 2017 WL 838798, at *4 (citing *Waldron*, 2013 WL 1007398, at *7).

As to the first factor, Plaintiff notes that Defendants have been previously sued in this District by another entity alleging copyright infringement for the broadcast of a June 9, 2019 sporting event, and had judgment entered against them in that matter. Peters Certif., ¶¶ 18-20 & Exs. I & J. This suggests that Defendants intercepted unauthorized broadcasts at least twice during a 35-day period, between May 4, 2019 and June 9, 2019. Plaintiff provides no evidence regarding the second factor. That said, only 20 people were observed at Los Cristales at the time of the Program, *see* Gagliardi Aff, Ex. B, and thus, it appears unlikely that Defendants "reaped substantial profits" from Los Cristales's unlawful broadcast of the fight. With respect to the third factor, Plaintiff notes that Defendants' unlawful actions have contributed to lost sales revenue for Plaintiff. *Id.* ¶ 12. As to the fourth factor, Plaintiff has presented evidence showing that Defendants advertised the Program in advance of the fight on social media. Peters Certif. ¶ 17, Ex. H. Finally, as to the fifth factor, Plaintiff's investigator noted that Los Cristales Bar had no cover charge the night of the broadcast, and is unaware whether food or drink was priced at a premium for the Program. Gagliardi Aff. Ex. B.

The Court, upon consideration of the foregoing factors, concludes, in its discretion, that an award of $1,000 in enhanced damages is appropriate. *See Waldron*, 2013 WL 1007398, at *7

(D.N.J. Mar. 13, 2013) ("there are few bright line rules governing the [Court's] discretion to award enhanced damages under [§ 605(e)(3)(C)(ii)]."); *Joe Hand Promotions, Inc. v. Krist*, No. 12–783, 2012 WL 6628934, at *1 (W.D. Pa. Dec.19, 2012) (awarding $5,000 in enhanced damages in addition to $1,000 in statutory damages upon finding, without further analysis, that the enhanced award was "sufficient for the purposes of punishing Defendants' conduct and deterring future violations").  The Court will accordingly award $1,000 under 47 U.S.C. § 605(e)(3)(C)(ii), which, together with the $1,500 statutory damages awarded, totals $2,500.

Under 47 U.S.C. § 605(e)(3)(B)(iii), the Court must "direct the recovery of full costs," including reasonable attorneys' fees, to a prevailing plaintiff.  In accordance with Local Civil Rules 54.1 and 54.2, Plaintiff shall file its motion for costs and attorneys' fees within 30 days after the date of entry of the Order & Judgment accompanying this Opinion.

## IV.   CONCLUSION

For the foregoing reasons, the Court will grant Plaintiff's motion for default judgment and award damages in an amount totaling $2,500.  An appropriate Order & Judgment accompanies this Opinion.

Dated: February 3, 2023

Evelyn Padin, U.S.D.J.

8