**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| G&G CLOSED CIRCUIT EVENTS, LLC, | No. 22cv2597 (EP) (JSA) |
| Plaintiff, | |
| v. | **MEMORANDUM ORDER** |
| D. FRANCO & INVESTMENTS, LLC, d/b/a LOS CRISTALES LIQUOR AND BAR, and DIEGO FRANCO, | |
| Defendants. | |

**PADIN**, **District Judge.**

Plaintiff G&G Closed Circuit Events, LLC, alleged that Defendants D. Franco & Investments, LLC, and Diego Franco unlawfully intercepted, received, and published Plaintiff's May 4, 2019, nationally televised boxing program. *See* D.E. 1 ("Complaint" or "Compl."). Pursuant to Federal Rule of Civil Procedure 55(b), the Court entered default judgment on Plaintiff's 47 U.S.C. § 605 claim,[1] awarding $1,500 in statutory damages and $1,000 in enhanced damages.[2] D.Es. 12 & 13. Plaintiff now moves for attorney's fees and costs to be added to the final judgment. D.E. 14 ("Motion" or "Mot.").

Under 47 U.S.C. § 605(e)(3)(B)(iii), a court "shall [award] the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails." To determine whether a fee is "reasonable," courts apply a "'lodestar' formula, which requires multiplying the number of hours reasonably expended by a reasonable hourly rate." *Maldonado v. Houstoun*, 256 F.3d 181, 184 (3d Cir. 2001). In deciding whether the hours were reasonably expended, "a court

---

[1] Count One of the Complaint. Compl. at 10. 47 U.S.C. § 605(a) prohibits the unauthorized interception and publication of communications.

[2] Plaintiff did not seek default judgment on its remaining claim, Count Two, which alternatively asserted a violation of 47 U.S.C. § 553. *See* D.Es. 1 & 10.

'should review the time charged, decide whether the hours set out were reasonably expended for each of the particular purposes described[,] and then exclude those [hours] that are excessive, redundant, or otherwise unnecessary.'" *Id.* (quoting *Pub. Int. Rsch. Grp. of N.J., Inc. v. Windall*, 51 F.3d 1179, 1188 (3d Cir. 1995)).  When determining whether the hourly rate was reasonable, a court should look at "the prevailing market rates in the relevant community." *Id.*

Here, Plaintiff seeks $2,404 in attorney's fees and $540 in additional costs, totaling $2,944. Mot. at 8.  In support, Plaintiff's counsel submitted a certification detailing this matter's tasks and each task's length, date, and cost.  *See* D.E. 14-1 ("Counsel Cert.") at 8-9.  Overall, Plaintiff's counsel performed 7.2 hours of work at a $325.00 hourly rate (totaling $2,340), including drafting the complaint, sending correspondence, and drafting documents related to motion practice.  *Id.* The remaining fees are from a secretary/legal assistant's 0.8 hours of work at an $80.00 hourly rate (totaling $64) related to serving the complaint.  *Id.*  And the $540 in additional costs are (1) a $402 filing fee and (2) $138 for service of process.  *Id.* at 5 & Ex. A.  The Court finds these costs are reasonable and will award the full amount requested.

First, the total hours expended were reasonable.  In the certification, Plaintiff's counsel details the hours he and his staff performed in this matter, and no entry contains redundant tasks, nor is the time spent performing any task excessive.  *See Joe Hand Promotions, Inc. v. Waldron*, 2013 WL 1007398, at *9 (D.N.J. Mar. 13, 2013) (applying 47 U.S.C. § 605(e)(3)(B)(iii) and awarding the full amount of attorney's fees requested upon counsel submitting an affidavit detailing the costs and hours performed); *see also J&J Sports Prods., Inc. v. Edrington*, 2012 WL 525970, at *4 (D.N.J. Feb. 16, 2012) (same); *Premium Sports, Inc. v. Pereira*, 2015 WL 5770517, at *4 (D.N.J. Sept. 30, 2015) (same).

Second, the hourly rates were reasonable and appropriate in the relevant market of the District of New Jersey.  Plaintiff's counsel charged a $325 hourly rate, with the secretary/legal assistant charging an $80 hourly rate.  *See* Counsel Cert. at 8-9; Mot. at 3-4.  This district has already determined both rates to be reasonable in similar matters.  *See, e.g., J&J Sports Prods., Inc. v. Pimms Bar and Rest.*, No. 18-cv-08817, D.E. 21 (D.N.J. July 1, 2019) (approving both rates for a different plaintiff represented by Plaintiff's counsel); *Joe Hand Promotions, Inc. v. Singleton*, 2018 WL 3054683, at *4 (D.N.J. June 20, 2018) (approving hourly rates of $350 for partners, $250 for associates, and $95 for paralegals).

Lastly, the requested $540 in additional costs—a $402 filing fee and $138 for service of process—is reasonable and necessarily incurred as part of this matter.  *See Innovative Sports Mgmt., Inc. v. El Punto Marino Rest., LLC*, 2021 WL 5608275, at *2 (D.N.J. Nov. 4, 2021) (citing cases and finding the plaintiff was entitled to filing and service of process fees under 47 U.S.C. § 605(e)(3)(B)(iii)), *R&R adopted*, 2021 WL 5585928 (D.N.J. Nov. 30, 2021).

Accordingly,

**IT IS**, on this **20** day of **October** 2023,

**ORDERED** that Plaintiff's Motion (D.E. 14) is **GRANTED**; and it is finally

**ORDERED** that the Court's February 3, 2023, Order and Judgment (D.Es. 12 & 13) shall be amended to add an award of attorney's fees and costs of $2,944.00 against Defendants.

Dated: October 20, 2023

Evelyn Padin, U.S.D.J.